

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed November 27, 2017**

_____
**United States Bankruptcy Judge**
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>**WILLIAM GLENN HIX<br>KAYLIE BREANNA HIX**<br>P.O. Box 553<br>Happy, TX  79042<br><br><br>**DEBTORS** | CASE NUMBER:  17-20223<br><br>Confirmation Hearing Date:  October 12, 2017<br>Confirmation Hearing Time: 11:00 AM |

**ORDER CONFIRMING CHAPTER 13 PLAN, VALUING COLLATERAL;
ALLOWING DEBTORS' ATTORNEY'S FEES; PROVIDING FOR A TRUSTEE'S
RECOMMENDATION CONCERNING CLAIMS AND OTHER RELATED MATTERS
(WITH REVISIONS TO THE PLAN AS SPECIFIED HEREIN)**

It having been determined after at least twenty-eight (28) days notice to all creditors, no hearing having been requested and no objection to Confirmation or Valuation having been timely filed, or if filed, having been overruled, resolved or withdrawn:

   That the Debtors' Chapter 13 Plan ("Plan") complies with all applicable provisions of Title 11 of the United States Code;

   That any fee, charge, or amount required under Chapter 13 of Title 28 of the United States Code or by the Plan to be paid before Confirmation has been paid;

   That the Plan has been proposed in good faith and not by any means forbidden by law;

CASE NO. 17-20223
DEBTORS: WILLIAM GLENN HIX & KAYLIE BREANNA HIX       Page 2 of 5

That the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtors was liquidated under Chapter 7 of Title 11 United States Code on such date;

That the Plan provides that the holders of secured claims who have not accepted the Plan shall retain their liens until the earlier of the payment of the underlying debt determined under non bankruptcy law or discharge under Section 1328; and if this case is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non bankruptcy law; and the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of secured claims whose holders have not accepted the Plan is not less than the allowed amount of those claims; and as to holders of secured claims who have not accepted the Plan, if property to be distributed pursuant to the Plan is in the form of periodic payments, such payments will be in equal monthly amounts; and if the holder of the claim is secured by personal property, the amount of such payments will not be less than the amount sufficient to provide to the holder of such claim adequate protection during the period of the Plan; or the Debtors will surrender the property securing such claim to such holder;

That the action of the Debtors in filing the petition was in good faith;

That the Debtors have paid all amounts that are required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition, if the Debtors are required by a judicial or administrative order or by statue to pay such Domestic Support Obligation;

That the Debtors have filed all applicable Federal, State, and local tax returns as required by Section 1308 of Title 11 of the United States Code;

That no objection to Confirmation or Valuation has been timely filed, or if so, that the Debtors will pay under the Plan, all Debtors' projected disposable income for the applicable commitment period, to be applied to payments to unsecured creditors under the Plan; and

That Confirmation of the Debtors' Plan and the Valuation set forth therein have been recommended by the Standing Chapter 13 Trustee.

**IT IS THEREFORE ORDERED** that the Debtors' Chapter 13 Plan filed July 24, 2017 is confirmed.

**IT IS FURTHER ORDERED** that the Debtors shall pay the following to the Trustee:

BEGINNING 08/23/2017     $610.00 MONTHLY FOR 60 MONTHS
FOR A TOTAL OF $36,600.00 IN 60 MONTHS.

**IT IS FURTHER ORDERED** that allowed non-priority unsecured claims will be paid pro rata no less than from the greater of (1.) an unsecured creditor's pool of $0.00, or (2.) the value of Debtors' equity in non-exempt property of $0.00 reduced by the payment of allowed administrative expenses and allowed priority claims.

**IT IS FURTHER ORDERED** that, if applicable, cause exists to extend the term of the Plan beyond 36 months but not more than 60 months.

CASE NO. 17-20223
DEBTORS: WILLIAM GLENN HIX & KAYLIE BREANNA HIX                                              Page 3 of 5

    **IT IS FURTHER ORDERED** that the Debtors' attorney, SWINDELL & ASSOCIATES PC, is allowed a total fee not to exceed $3,700.00, with $2,200.00 to be paid through the Plan by the Trustee, unless a greater amount is approved by separate order of the Court after hearing on fee application.

    **IT IS FURTHER ORDERED** that for purposes of distribution under the plan, Section 506 and Section 1325 (a)(5) of the Bankruptcy Code, the **value** of collateral securing any claim herein, **annual percentage rate** and **treatment** of the claim secured thereby is as set forth in Section I, Paragraphs "D", "E", "F", and "G" of the Debtors' Chapter 13 Plan and Motion for Valuation herein confirmed except as provided below:

| CREDITOR NAME COMMENT | CLAIM / SCHEDULED AMOUNT | COLL. VALUE | ANNUAL PERCENTAGE RATE | TREATMENT (Monthly Payment, Direct, Surrender, Late Filed or ProRata) |
|---|---|---|---|---|
| **SECURED** | | | | |
| AMERICAN HONDA FINANCE CORPORATION | $4,285.00 | $2,765.00 | 0.00 | Surrendered |
|   2013 HONDA TRX400 | | | | |
| **PRIORITY** | | | | |
| INTERNAL REVENUE SERVICE | $25,464.71 | $0.00 | 0.00 | Step details below |
|   2015 - 2016 INCOME & EXCISE TAXES | | | | |
|     Step $0.01 per month starting with the disbursement in 08/2017 | | | | |
|     Step $200.00 per month starting with the disbursement in 12/2017 | | | | |
|     Step $450.00 per month starting with the disbursement in 01/2018 | | | | |
|     Step $543.00 per month starting with the disbursement in 10/2020 | | | | |
| **SECURED** | | | | |
| AMERICAN HONDA FINANCE CORPORATION | $2,081.62 | $1,650.00 | 0.00 | Surrendered |
|   2014 HONDA TRX90 | | | | |
| Comenity Bank | $3,654.00 | $3,654.00 | 0.00 | Step details below |
|   RINGS | | | | |
|     Step $0.01 per month starting with the disbursement in 08/2017 | | | | |
|     Step $50.00 per month starting with the disbursement in 12/2017 | | | | |
|     Step $95.00 per month starting with the disbursement in 01/2018 | | | | |
| FREEDOMROAD FINANCIAL | $1,541.48 | $1,058.00 | 0.00 | Surrendered |
|   2015 ARTIC CAT ATV DUX90 | | | | |
| HAPPY STATE BANK | $2,899.00 | $2,899.00 | 0.00 | Surrendered |
|   95 SPORTSMAN 5TH WHEEL CAMPER | | | | |
| WELLS FARGO BANK NA | $5,460.58 | $5,460.58 | 0.00 | Surrendered |
|   PURCHASES/ASHLEY HOMESTORE | | | | |
| **SECURED-VEHICLE** | | | | |
| AMARILLO NATIONAL BANK | $10,262.65 | $11,750.00 | 0.00 | Paid Direct |
|   2012 TOYOTA PRIUS | | | | |
| FIRSTBANK SOUTHWEST NA | $27,297.18 | $27,790.83 | 0.00 | Surrendered |
|   2009 FREIGHTLINER CASCADIA | | | | |
| NISSAN MOTOR ACCEPTANCE | $41,760.99 | $40,928.29 | 0.00 | Surrendered |
|   2015 NISSAN PATHFINDER | | | | |
| US BANK | $55,439.74 | $54,405.00 | 0.00 | Surrendered |
|   2016 NISSAN TITAN | | | | |
| AMARILLO NATIONAL BANK | $13,921.81 | $7,530.00 | 0.00 | Paid Direct |
|   2007 FORD EXPEDITION EL | | | | |
| **SECURED-CURRENT MORTGAGE** | | | | |
| WELLS FARGO BANK NA | $74,967.65 | $68,520.00 | 0.00 | Surrendered |
|   2006 FLEETWOOD MOBILE HOME @ 201 N. PRAIRIE | | | | |

**IT IS FURTHER ORDERED** that Executory Contracts and Unexpired Leases shall be treated as set forth in Section I, Paragraph "K" of the Debtors' Chapter 13 Plan and Motion for Valuation herein confirmed except as provided below:

| § 365 PARTY | ASSUME / REJECT |
|---|---|
| Jody Johnson | Assumed-Paid Direct |

**IT IS FURTHER ORDERED** that the valuation of collateral subject to a 11 U.S.C. §1325(a)(9) claim or listed as "Direct" is not res judicata, collateral estoppel or law of the case as to any party.

**IT IS FURTHER ORDERED** that if a Claim is not paid during the term (Approximate) shown in Section I, Paragraphs D, E, H and or I of the Plan, the Trustee shall continue to pay the Claim until it is paid in full, as stated in Section II, Paragraph U of the Plan.

**IT IS FURTHER ORDERED** that all claims are allowed as filed except as ordered otherwise.

**IT IS FURTHER ORDERED** that secured creditor's claims related to collateral being surrendered shall be reduced or satisfied by the value of the collateral surrendered as set forth in the Debtor's original or modified plan.

**IT IS FURTHER ORDERED** that the Trustee is authorized to cease any disbursements to a creditor who has been granted relief from the 11 U.S.C. §362 automatic stay.

**IT IS FURTHER ORDERED** that the Trustee is authorized to receive, endorse and apply to any delinquent payments under the Plan, any Income Tax Refund payable to the Debtors during the pendency of this case, and apply any Income Tax Refund in excess of $2,000.00 per year pro rata to the Debtors' allowed general unsecured creditors, per Paragraph 9 of General Order 2017-01. Further, and regardless of any Income Tax Refund amounts due to the Debtors or received by the Trustee, unless otherwise ordered by the Court, the Debtors shall provide a copy of their federal income tax return to the Trustee within 14 days of filing such during the term of the Plan.

**IT IS FURTHER ORDERED** that unless otherwise ordered by the Court, unscheduled and/or undisclosed property as well as after acquired property pursuant to Section 1306(a)(1) shall not re-vest in Debtors upon confirmation pursuant to Section 1327(b).

**IT IS FURTHER ORDERED** that the Debtors shall not dispose of or encumber any non-exempt property prior to discharge without consent of the Trustee or order of the Court after notice to the Trustee and all creditors.

**IT IS FURTHER ORDERED** that upon termination of the Automatic Stay all future disbursements by the Trustee to movant with regard to the collateral securing the indebtedness will cease. Thereafter, for Trustee Disbursements to resume to said creditor associated with said collateral, an order from the Court must be entered to that effect.

**IT IS FURTHER ORDERED** that pursuant to General Order 2017-01, Paragraph 8, as soon as practicable after the governmental claims bar date, the Trustee shall prepare and serve on Debtors' counsel, all creditors who were scheduled, all creditors who filed claims and any party that has filed a Notice of Appearance, a Trustee's Recommendation Concerning Claims ("TRCC") and notice of hearing

and pre-hearing conference thereon. The TRCC may be deemed in part to be an Objection to Claims. Objections to the TRCC shall be filed within thirty (30) days from the date of service of the TRCC. Unless an Objection is timely filed as to the amount or class of any claim, the claim will be allowed or approved only as described in the TRCC, and such amount or class will be binding on all parties without further order of the court. All unresolved objections to the TRCC shall be deemed waived if not timely filed or if the proponent of any such objection fails to attend the Trustee's pre-hearing conference or give the Trustee prior written notice that a hearing is not necessary.

### END OF ORDER ###

/s/ SWINDELL & ASSOCIATES PC
SWINDELL & ASSOCIATES PC
Attorney for Debtor


/s/ Robert B. Wilson
Robert B. Wilson
Chapter 13 Trustee